UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

    Plaintiff,

v.                                            Case No.:  2:25-cv-207-SPC-KCD

COURTNEY JONES and BROWN,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Wendall Hall's Motion for Order or Temporary Restraining Order (Doc. 2). Hall is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). In his complaint, Hall alleges he got into a fight with another FCCC resident named Andrew Preston. The FCCC's disciplinary team—which includes both defendants—punished the two men with 30 days in confinement. Hall and Preston were initially housed in separate confinement dorms, but FCCC officers moved them into the same dorm on February 28, 2025. Hall submitted communication requests to Defendants Jones and Brown on March 3 and March 5, 2025, requesting that either Hall or Preston be moved to a different dorm. The defendants denied those requests.

To receive a preliminary injunction or temporary restraining order, a plaintiff must clearly establish four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018). Local Rule 6.01 requires a motion seeking a temporary restraining order to establish each element. The rule also requires the motion to include "specific facts—*supported by a verified complaint, an affidavit, or other evidence*—demonstrating an entitlement to relief." M.D. Fla. R. 6.01(a)(2) (emphasis added).

Hall's motion is not supported by any evidence. The Court always requires evidentiary support before entering an injunction, but that is particularly important here. Hall is an experienced *pro se* litigator, yet he has made no effort to have the defendants served with process. Instead, he is seeking injunctive relief *ex parte* based only on his unverified claims. Hall has a documented history of abusing the judicial process. He has filed over 50 civil actions in Florida federal courts, excluding habeas actions. At least eight actions were dismissed because the court found them frivolous, malicious, and/or an abuse of the judicial process. Eight more were dismissed for failure to state a claim.

While a prisoner, Hall became a three-strike litigant under 28 U.S.C. § 1915(g) around 2006.  The Court counts 15 dismissals under the three-strike rule.  Among those dismissals, three courts found that Hall lied under oath to make use of the imminent-risk exception.  Judge Timothy Corrigan noted that Hall "has a history of filing abusive litigation and lying under penalty of perjury."  Order of Dismissal Without Prejudice (Doc. 20 at 3), *Hall v. Watson*, No. 3:14-cv-176-TJC-MCR, (M.D. Fla. July 16, 2014).  Last year, Judge Brian Davis found that Hall filed fraudulent exhibits, though he withdrew them when the defendant pointed out signs of tampering.  Order (Doc. 307), *Hall v. Watson*, No. 3:15-cv-1054-BJD-PDB (M.D. Fla. May 20, 2024).

Hall's unverified and unsupported motion does not adequately establish any of the four substantive requirements for a temporary restraining order.  Accordingly, Hall's motion (Doc. 2) is **denied**.  As Hall knows, the next steps to reaching the merits of his claim are to pay the filing fee or move to proceed *in forma pauperis*, then to serve the defendants with process.

**DONE** and **ORDERED** in Fort Myers, Florida on March 20, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3